# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Michael and Linda Bennett

## DEFENDANTS
Islamic Republic of Iran, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jane Carol Norman, Bond & Norman, 777 6th St. NW #410, Washington, DC 20001, 202-423-3863

Attorneys (If Known)

JSC  ADR

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | 310 Airplane | 362 Personal Injury— Med. Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 340 Marine | PERSONAL PROPERTY | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 345 Marine Product Liability | 370 Other Fraud | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 350 Motor Vehicle | 371 Truth in Lending | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | [X] 360 Other Personal Injury | 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | | | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | PRISONER PETITIONS | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | Habeas Corpus: | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | 530 General | 791 Empl. Ret. Inc. Security Act | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 550 Civil Rights | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities – Other | 555 Prison Condition | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | | 463 Habeas Corpus – Alien Detainee | | |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC section 1605A(g)(3) and 28 USC section 1655
Brief description of cause:
Enforcement of Lien

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". No. CV 11-80065 MISC CRB (NJV) + 11 mc 80283 RS

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

DATE 12/02/11    12/02/11

SIGNATURE OF ATTORNEY OF RECORD

**JANE CAROL NORMAN, ESQ.**
California Bar No. 66998
Bond & Norman, PLLC
777 Sixth Street, NW
Suite 410
Washington, DC 20001
202/423-3863
Fax 202/207-1041



FILED
DEC - 2 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL BENNETT** )<br>**LINDA BENNETT** )<br>Individually and as Co-Administrators of )<br>the Estate of MARLA ANN BENNETT, deceased )<br>c/o **THOMAS FORTUNE FAY, ESQ.** )<br>601 Pennsylvania Ave., NW )<br>Suite 900 – South Building )<br>Washington, DC 20004 )<br> )<br>Plaintiffs, )<br> )<br> )<br>**THE ISLAMIC REPUBLIC OF IRAN** )<br>Ministry of Foreign Affairs )<br>Khomeini Avenue )<br>United Nations Street )<br>Tehran, Iran, )<br>and )<br>**THE IRANIAN MINISTRY OF INFORMATION** )<br>**AND SECURITY** )<br>Pasdaran Avenue )<br>Golestan Yekom )<br>Tehran, Iran, )<br>and ) | E-filing    JSC<br><br>CV 11 5807 |

| | |
|---|---|
| **FRANKLIN RESOURCES INC** | ) |
| **dba FRANKLIN TEMPLETON FIDUCIARY TRUST** | ) |
| Serve:CT Corporation Services | ) |
|    818 W. 7th Street | ) |
|     Suite 200 | ) |
|     Los Angeles, CA 90017 | ) |
|     and | ) |
| **VISA INC** | ) |
| **dba VISA INTERNATIONAL** | ) |
|    **SERVICE ASSOCIATION** | ) |
| Serve:CT Corporation Services | ) |
|    818 W. 7th Street | ) |
|     Suite 200 | ) |
|     Los Angeles, CA 90017 | ) |
|                               Defendants. | ) |

## COMPLAINT

(1) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1605A(g)(3) and 28 U.S.C. §1331. This is an action in rem in accordance with the provisions of 28 U.S.C. §1655. The Defendants, The Islamic Republic of Iran and The Iranian Ministry of Information and Security, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A, and 28 U.S.C. §1605(a)(7), as in effect before the enactment of 28 U.S.C. §1605A. Venue lies in this Court pursuant to 28 U.S.C. §1391(f)(3). This is an action in rem for enforcement of a lien as provided by 28 U.S.C. §1605A(g)(3) and 28 U.S.C. §1655.

(2) The Defendant, Franklin Resources Inc., dba Franklin Templeton Fiduciary Trust, (Franklin) is a corporation organized under the laws of the State of Delaware, and was, at all times relevant to this action, doing business in the State of California, as to the property which is the subject of this in rem proceeding. In the course of that business it accepted investments designated as the property of Defendant, Visa, Inc., whose beneficial owner was in fact the

Defendant, The Islamic Republic Of Iran, at all times relevant to this action. The Defendant, Visa, Inc., dba Visa International Service Association, (Visa) is a corporation organized under the laws of the State of State of Delaware, and was, at all times relevant to this action, doing business in the State of California, as to the property which is the subject of this in rem proceeding.

(3)Plaintiffs Michael Bennett and Linda Bennett, domiciliaries of the State of California, are the parents of decedent, Marla Ann Bennett, who died from injuries sustained during a terrorist attack in Jerusalem on July 31, 2002. Plaintiffs Michael Bennett and Linda Bennett are the Co-Administrators of the Estate of Marla Ann Bennett and in that capacity represent their daughter's other beneficiary pursuant to federal and California state law, Lisa Bennett, decedent's sister. On August 30, 2007, judgment was entered for Plaintiffs, and against Defendants, The Islamic Republic of Iran and The Iranian Ministry of Information and Security, in the amount of $12,904,548.00, of which $404,548.00, was allocated to the estate of Marla Bennett for wrongful death, $5,000,000.00 was allocated to Linda Bennett, $5,000,000.00 was allocated to Michael Bennett, and $2.5 million was allocated to Lisa Bennett. As of the date of this Complaint the entire amount of that judgment remains unsatisfied. On January 25, 2011, the United States District Court For The District Of Columbia, entered an Order pursuant to 28 U.S.C. 1610(c), permitting Plaintiffs leave to proceed with attachment or execution.

(4)Defendant, The Islamic Republic of Iran, is a foreign state and was on July 31, 2002, and is to the present, a state sponsor of terrorism designated as such pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. §2405(j)). Defendant, The Iranian Ministry of Information and Security, is the Iranian intelligence service through which Iran sponsored the terrorist group that caused the act of extra judicial killings described below.

(5) Decedent Marla Ann Bennett, a United States national, was a 24-year-old graduate of University of California at Berkeley who planned to be teacher. She was a graduate student working on her master's degree in Judaic studies at the Pardes Institute of Jewish Studies in Berkeley and a participant in its Melton Center for Jewish Education program at Hebrew University in Jerusalem at the time of her death. On Wednesday, July 31, 2002, the decedent was having lunch with two of her friends, Harris-Gershon and Benjamin Blutstein[1], in the cafeteria of the Hebrew University in Jerusalem. The decedent prepared for a final exam later that afternoon, her last requirements for the summer session. She intended to fly back home to San Diego with her boyfriend Michael Simon two days later.

(6) At 1:40 p.m. local time, a nail-studded bomb went off in the crowded cafeteria. The explosion killed the decedent and six other people and wounded over eighty other individuals, mostly students. The bomb was placed by a Hamas agent in a bag left in the cafeteria and activated from a cell phone. These actions were found by Chief Judge Lamberth United States District Court For The District Of Columbia to have been undertaken by an agent of Hamas with the material support of the Defendant, The Islamic Republic Of Iran.

(7) Pursuant to 50 USCS §1702, the President may:

"(A) investigate, regulate, or prohibit--
    (i) any transactions in foreign exchange,
    (ii) transfers of credit or payments between, by, through, or to any banking institution, to the extent that such transfers or payments involve any interest of any foreign country or a national thereof,
    (iii) the importing or exporting of currency or securities,
by any person, or with respect to any property, subject to the jurisdiction of the United States...." See Exhibit A attached.

---

[1] Benjamin Blustein suffered fatal injuries in the attack described in this Complaint.

On November April 9, 1980, under the authority of 50 U.S.C. 1701-1706, at FR 24432, the

President by regulation exercised his authority as follows (EXHIBIT B):

> "Sec. 535.201 Transactions involving property in which Iran or Iranian entities have
> an interest. No property subject to the jurisdiction of the United States or
> which is in the possession of or control of persons subject to the
> jurisdiction of the United States in which on or after the effective
> date Iran has any interest of any nature whatsoever may be transferred,
> paid, exported, withdrawn or otherwise dealt in except as authorized."

The Office Of Foreign Assets Control of the United States Department Of The Treasury has

confirmed that none of the Defendants has ever has a license to deal in investments for The

Islamic Republic Of Iran.

(8)On November 2, 2011, Plaintiffs, through counsel, caused a Notice Of Lis Pendens

to be served upon the Defendant Franklin in accordance with the provisions of 28 U.S.C.

§1605A(g)(1), establishing a lien upon the tangible personal property of the Defendant, The

Islamic Republic Of Iran, consisting of securities held for investment by Defendant Franklin

upon an account bearing the name of the Defendant Visa. The lien is enforced as provided in

Chapter 111 of Title 28 of the United States Code (28 U.S.C. §1655).

(9)Service upon foreign states is governed by the provisions of 28 U.S.C. §1608(a),

which provides in pertinent part for alternative means of service: (1) through any special

arrangement with the Defendant; (2) through use of any applicable international convention;

(3)by any form of mail requiring a return receipt; or, if service cannot be completed by any of the

foregoing means, through diplomatic channels. In addition 28 U.S.C. §1608(d) provides that the

foreign state shall serve "an answer or other responsive pleading within sixty days after service

has been made."

Wherefore, the premises considered, Plaintiffs request:

(1)That the Court enter an Order directed to the Clerk of this Court that a summons be issued directed to the Defendant, The Islamic Republic Of Iran, requiring that an answer or other responsive pleading be filed within sixty days;

(2) That the Court enter an Order directed to the Clerk of this Court that a summonses be issued directed to the Defendants, Franklin Resources Inc., dba Franklin Templeton Fiduciary Trust and, and Visa, Inc., dba Visa International Service Association requiring each Defendant to filet an answer or other responsive pleading within thirty days;

(3)That upon hearing the Court Order turnover of assets of the Defendant, The Islamic Republic Of Iran, in an amount sufficient to satisfy the judgment, with interest at the rate applicable by law and the costs of this proceeding as determined by the Court.

Date: December 2, 2011

*[signature]*
JANE CAROL NORMAN, ESQ.
California Bar No. 66998
Bond & Norman, PLLC
777 Sixth Street, NW
Suite 410
Washington, DC 20001
202/423-3863
Fax 202/207-1041
*JNormas425@aol.com*

*[signature]*
Thomas Fortune Fay
D.C. Bar Id. 23929
THOMAS FORTUNE FAY, P.A.
601 Pennsylvania Ave., N.W.
Suite 900
Washington, DC 20004
(202) 638-4534
Attorney for Plaintiffs
*ThomasFay@aol.com*

## EXHIBIT A

50 USCS § 1702

§ 1702. Presidential authorities

(a) In general.
  (1) At the times and to the extent specified in section 202 [50 USCS § 1701], the President may, under such regulations as he may prescribe, by means of instructions, licenses, or otherwise--
    (A) investigate, regulate, or prohibit--
      (i) any transactions in foreign exchange,
      (ii) transfers of credit or payments between, by, through, or to any banking institution, to the extent that such transfers or payments involve any interest of any foreign country or a national thereof,
      (iii) the importing or exporting of currency or securities,
    by any person, or with respect to any property, subject to the jurisdiction of the United States;
    (B) investigate, block during the pendency of an investigation, regulate, direct and compel, nullify, void, prevent or prohibit, any acquisition, holding, withholding, use, transfer, withdrawal, transportation, importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or a national thereof has any interest by any person, or with respect to any property, subject to the jurisdiction of the United States; and
    (C) when the United States is engaged in armed hostilities or has been attacked by a foreign country or foreign nationals, confiscate any property, subject to the jurisdiction of the United States, of any foreign person, foreign organization, or foreign country that he determines has planned, authorized, aided, or engaged in such hostilities or attacks against the United States; and all right, title, and interest in any property so confiscated shall vest, when, as, and upon the terms directed by the President, in such agency or person as the President may designate from time to time, and upon such terms and conditions as the President may prescribe, such interest or property shall be held, used, administered, liquidated, sold, or otherwise dealt with in the interest of and for the benefit of the United States, and such designated agency or person may perform any and all acts incident to the accomplishment or furtherance of these purposes.
  (2) In exercising the authorities granted by paragraph (1), the President may require any person to keep a full record of, and to furnish under oath, in the form of reports or otherwise, complete information relative to any act or transaction referred to in paragraph (1) either before, during, or after the completion thereof, or relative to any interest in foreign property, or relative to any property in which any foreign country or any national thereof has or has had any interest, or as may be otherwise necessary to enforce the provisions of such paragraph. In any case in which a report by a person could be required under this paragraph, the President may require the production of any books of account, records, contracts, letters, memoranda, or other papers, in the custody or control of such person.
  (3) Compliance with any regulation, instruction, or direction issued under this title [50 USCS

§§ 1701 et seq.] shall to the extent thereof be a full acquittance and discharge for all purposes of the obligation of the person making the same. No person shall be held liable in any court for or with respect to anything done or omitted in good faith in connection with the administration of, or pursuant to and in reliance on, this title, or any regulation, instruction, or direction issued under this title.

(b) Exceptions to grant of authority. The authority granted to the President by this section does not include the authority to regulate or prohibit, directly or indirectly--
   (1) any postal, telegraphic, telephonic, or other personal communication, which does not involve a transfer of anything of value;
   (2) donations, by persons subject to the jurisdiction of the United States, of articles, such as food, clothing, and medicine, intended to be used to relieve human suffering, except to the extent that the President determines that such donations (A) would seriously impair his ability to deal with any national emergency declared under section 202 of this title [50 USCS § 1701], (B) are in response to coercion against the proposed recipient or donor, or (C) would endanger Armed Forces of the United States which are engaged in hostilities or are in a situation where imminent involvement in hostilities is clearly indicated by the circumstances; [or]
   (3) the importation from any country, or the exportation to any country, whether commercial or otherwise, regardless of format or medium of transmission, of any information or informational materials, including but not limited to, publications, films, posters, phonograph records, photographs, microfilms, microfiche, tapes, compact disks, CD ROMs, artworks, and news wire feeds. The exports exempted from regulation or prohibition by this paragraph do not include those which are otherwise controlled for export under section 5 of the Export Administration Act of 1979 [50 USCS Appx. § 2404], or under section 6 of such Act [50 USCS Appx. § 2405] to the extent that such controls promote the nonproliferation or antiterrorism policies of the United States, or with respect to which acts are prohibited by chapter 37 of title 18, United States Code [18 USCS §§ 791 et seq.]; or
   (4) any transactions ordinarily incident to travel to or from any country, including importation of accompanied baggage for personal use, maintenance within any country including payment of living expenses and acquisition of goods or services for personal use, and arrangement or facilitation of such travel including nonscheduled air, sea, or land voyages.

(c) Classified information. In any judicial review of a determination made under this section, if the determination was based on classified information (as defined in section 1(a) of the Classified Information Procedures Act [18 USCS Appx § 1(a)]) such information may be submitted to the reviewing court ex parte and in camera. This subsection does not confer or imply any right to judicial review.

History:

(Dec. 28, 1977, P.L. 95-223, Title II, § 203, 91 Stat. 1626; Aug. 23, 1988, P.L. 100-418, Title II, Subtitle E, § 2502(b)(1), 102 Stat. 1371; April 30, 1994, P.L. 103-236, Title V, Part A, § 525(c)(1), 108 Stat. 474; Oct. 26, 2001, P.L. 107-56, Title I, § 106, 115 Stat. 277.)

# EXHIBIT B

[Code of Federal Regulations]
[Title 31, Volume 2, Parts 200 to end]
[Revised as of July 1, 1997]
From the U.S. Government Printing Office via GPO Access
[CITE: **31CFR535**]

[Page 513-547]

TITLE 31--MONEY AND FINANCE: TREASURY

CHAPTER V--OFFICE OF FOREIGN ASSETS CONTROL, DEPARTMENT OF THE TREASURY

PART 535--IRANIAN ASSETS CONTROL REGULATIONS

**Subpart** B--Prohibitions

Sec. 535.201  Transactions involving property in which Iran or Iranian entities have an interest.

No property subject to the jurisdiction of the United States or which is in the possession of or control of persons subject to the jurisdiction of the United States in which on or after the effective date Iran has any interest of any nature whatsoever may be transferred, paid, exported, withdrawn or otherwise dealt in except as authorized.

[45 FR 24432, Apr. 9, 1980]