# ML MOLOLAMKEN

**FILED**

**JUN 1 1 2012**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Jeffrey A. Lamken
Molo Lamken LLP
600 New Hampshire Avenue, N.W.
Suite 660
Washington, D.C. 20037
T: 202.556.2010
F: 202.536.2010 / 202.556.2001
jlamken@mololamken.com
www.mololamken.com

June 4, 2012

BY FEDERAL EXPRESS

The Honorable Charles R. Breyer
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 6 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Bennett v. The Islamic Republic of Iran* (No. 3:11-cv-05807-CRB)

Dear Judge Breyer:

The plaintiffs and certain third-party defendants in this action obtained judgments against the Islamic Republic of Iran in the U.S. District Court for the District of Columbia and sought execution on those judgments in the U.S. District Court for the Northern District of California and the U.S. District Court for the Southern District of New York.[1] They then filed or were joined in this action, which seeks to execute on assets of third-party defendant Bank Melli held by Visa Inc. and Franklin Resources, Inc. ("Visa" and "Franklin"), to satisfy the judgments against Iran.

On April 19, 2012, Visa and Franklin requested that the Clerk of the Court enter a default judgment in this matter against Bank Melli, Doc. 74, and a default was entered on April 26, Doc. 79. On May 2, Visa and Franklin requested leave to deposit assets totaling $17,648,962.76 into this Court's registry. Doc. 86. On May 3, this Court entered an Order granting leave to deposit Bank Melli's assets into this Court's registry and authorizing the deposit of those assets. Doc. 88.

Bank Melli is now in the process of engaging local counsel in the Northern District so that it may move to vacate the default judgment and assert (among other defenses to

---

[1] See *Bennett v. Islamic Rep. of Iran*, No. 03-01486 (D.D.C.); *Greenbaum v. Islamic Rep. of Iran*, No. 02-02148 (D.D.C.), *Greenbaum v. Islamic Rep. of Iran*, No. 11-80283 (N.D. Cal.); *Acosta v. Islamic Rep. of Iran*, No. 06-745 (D.D.C.); *Acosta v. Islamic Rep. of Iran*, No. 11-80282 (N.D. Cal.); *Heiser v. Franklin Templeton Fiduciary Trust*, No. 11-08446 (S.D.N.Y); *Heiser v. Islamic Rep. of Iran*, No. 00-2329 (D.D.C.); *Campbell v. Islamic Rep. of Iran*, No. 01-2104 (D.D.C.).

execution) the assets' immunity from attachment and execution under the Foreign Sovereign Immunities Act. The U.S. Department of Treasury's Office of Foreign Asset Control ("OFAC"), however, bars counsel from receiving a retainer or compensation for providing services to Bank Melli without first obtaining a license under 31 C.F.R. § 544.507 (regulation attached). Counsel is in the process of seeking a license and we expect one to be issued in six to eight weeks.

Under the circumstances, we respectfully request that the Court defer distributing the assets in its registry (and refrain from allowing them to be otherwise disbursed or dissipated) until Bank Melli has the opportunity to obtain necessary licenses from OFAC, seek vacatur of the default, and assert its assets' immunity from attachment and execution. We will advise the Court of the progress before OFAC.

Thank you very much for your time, attention, and assistance. Please do not hesitate to call me if you have any questions or concerns.

Sincerely yours,

Jeffrey A. Lamken

Enclosure

cc: Jane Carol Norman
    Bruce H. Jackson
    Irene V. Gutierrez
    Curtis C. Mechling
    Benjamin Weathers-Lowin
    Judy Peacock-Goodwin
    James Lawrence Bernard

(b) The proceeds of such investments and reinvestments shall not be credited to a blocked account or subaccount under any name or designation that differs from the name or designation of the specific blocked account or subaccount in which such funds or securities were held; and

(c) No immediate financial or economic benefit accrues (e.g., through pledging or other use) to persons whose property and interests in property are blocked pursuant to § 544.201(a).

### § 544.507 Provision of certain legal services authorized.

(a) The provision of the following legal services to or on behalf of persons whose property and interests in property are blocked pursuant to § 544.201(a) is authorized, provided that all receipts of payment of professional fees and reimbursement of incurred expenses must be specifically licensed:

(1) Provision of legal advice and counseling on the requirements of and compliance with the laws of the United States or any jurisdiction within the United States, provided that such advice and counseling are not provided to facilitate transactions in violation of this part;

(2) Representation of persons named as defendants in or otherwise made parties to domestic U.S. legal, arbitration, or administrative proceedings;

(3) Initiation and conduct of domestic U.S. legal, arbitration, or administrative proceedings in defense of property interests subject to U.S. jurisdiction;

(4) Representation of persons before any federal or state agency with respect to the imposition, administration, or enforcement of U.S. sanctions against such persons; and

(5) Provision of legal services in any other context in which prevailing U.S. law requires access to legal counsel at public expense.

(b) The provision of any other legal services to persons whose property and interests in property are blocked pursuant to § 544.201(a), not otherwise authorized in this part, requires the issuance of a specific license.

(c) Entry into a settlement agreement or the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to § 544.201(a) is prohibited unless specifically licensed in accordance with § 544.202(e).

### § 544.508 Authorization of emergency medical services.

The provision of nonscheduled emergency medical services in the United States to persons whose property and interests in property are blocked pursuant to § 544.201(a) is authorized, provided that all receipt of payment for such services must be specifically licensed.

## Subpart F—Reports

### § 544.601 Records and reports.

For provisions relating to required records and reports, see part 501, subpart C, of this chapter. Recordkeeping and reporting requirements imposed by part 501 of this chapter with respect to the prohibitions contained in this part are considered requirements arising pursuant to this part.

## Subpart G—Penalties

### § 544.701 Penalties.

(a) Attention is directed to section 206 of the International Emergency Economic Powers Act (50 U.S.C. 1705) ("IEEPA"), which is applicable to violations of the provisions of any license, ruling, regulation, order, directive, or instruction issued by or pursuant to the direction or authorization of the Secretary of the Treasury pursuant to this part or otherwise under IEEPA.

(1) A civil penalty not to exceed the amount set forth in section 206 of IEEPA may be imposed on any person who violates, attempts to violate, conspires to violate, or causes a violation of any license, order, regulation, or prohibition issued under IEEPA.

NOTE TO PARAGRAPH (a)(1) OF § 544.701: As of the date of publication in the FEDERAL REGISTER of the final rule adding this part to 31 CFR chapter V (April 13, 2009), IEEPA provides for a maximum civil penalty not to exceed the greater of $250,000 or an amount that is twice the amount of the transaction that is the basis of the violation with respect to which the penalty is imposed.