# ML MOLOLAMKEN

Jeffrey A. Lamken
Molo Lamken LLP
600 New Hampshire Avenue, N.W.
Suite 660
Washington, D.C. 20037
T: 202.556.2010
F: 202.536.2010 / 202.556.2001
jlamken@mololamken.com
www.mololamken.com

June 7, 2012

FILED

JUN 11 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BY FEDERAL EXPRESS

The Honorable Charles R. Breyer
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 6 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Bennett v. The Islamic Republic of Iran* (No. 3:11-cv-05807-CRB)

Dear Judge Breyer:

We understand that, on June 6, 2012, counsel for the Greenbaum and Acosta judgment creditors sent this Court a letter asking it to refuse Bank Melli time to obtain the OFAC licenses needed to retain San Francisco counsel. The letter urges that allowing the Bank to retain counsel to represent its interests is unnecessary because any defense would be "futile." *See* Letter from Curtis C. Mechling to the Honorable Charles R. Breyer, at 1 (June 6, 2012).

The letter overlooks the significant issues in this case. Although the judgment creditors have a judgment against the Islamic Republic of Iran, they are not attempting to execute on assets belonging to Iran. They are attempting to execute on assets belonging to Bank Melli, a separate and juridically distinct entity. In *First National City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*"), the Supreme Court held that doing so is generally impermissible: Foreign "government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such." *Id.* at 626-27. *Bancec* recognized two limited exceptions that are traditionally recognized in domestic and international law, *id.* at 628-34, but the judgment creditors do not appear to invoke either here.

The judgment creditors instead appear to assume that the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337, overrides the *Bancec* presumption with respect to "blocked assets." *See* Mechling Letter, at 2. Even if assets like those at issue here qualify as "blocked" within the meaning of the TRIA, the judgment creditors err in assuming that the TRIA overrules *Bancec* and allows

the seizure of a juridically distinct entity's assets to satisfy a judgment against the sovereign. The language the judgment creditors quote is at least equally consistent with preserving *Bancec*, so that instrumentality assets under § 201(a) are available to satisfy a judgment against a sovereign consistent with *Bancec*, not in contravention of *Bancec*.[1] The proper construction of that provision is now pending on a petition for a writ of certiorari before the Supreme Court. *See Bank Melli Iran New York Representative Office v. Weinstein* (No. 10-947).[2] In response to the petition, the Supreme Court invited the Solicitor General to file a brief expressing the views of the United States, *see* 131 S. Ct. 3012 (2011); the United States recently submitted its views; and the petition should be addressed at the Supreme Court's June 21 conference (the results of which should be released on June 25). Where the Supreme Court takes the unusual action of requesting the views of the Solicitor General, its likelihood of granting review is significantly increased. Even where, as here, the Solicitor General recommends denying the petition, the Court historically grants review around 20 percent of the time. (If the Solicitor General recommends review, the likelihood of Supreme Court review is around 80 percent.)[3]

It is hard to see how defense could be "futile" here when there is a significant possibility the Supreme Court will grant review on a dispositive issue in the case—the availability of these assets under § 201(a). Moreover, even if the Supreme Court denies the petition, defense cannot be "futile" because that significant legal issue is unresolved in the Ninth Circuit. And even if one assumes that the TRIA overrides *Bancec* and allows the assets of a juridically distinct instrumentality to be seized to satisfy the judgment against a different entity, the TRIA does not purport to be retroactive and therefore should not apply where the conduct underlying the judgment predates the TRIA's enactment. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). The judgment creditors do not mention that non-retroactivity issue, which has yet to be squarely resolved in any court, anywhere in their letter. Finally, Bank Melli was improperly served with the complaint and summons in this action. Visa Inc. and Franklin Resources, Inc.'s certificate of service states that a Paris branch of Bank Melli Iran was served, rather than the head office in Tehran. *See* Dkt. #45-1, at 4. But "'[s]ervice on one branch should not be permitted to accomplish a restraint on accounts and funds in other branches . . . .'" *Limonium Maritime, S.A. v. Mizushima Marinera, S.A.*, 961 F. Supp. 600, 607-

---

[1] Indeed, that construction would be necessary to ensure that the statute does not violate multiple provisions of the Treaty of Amity, Economic Relations, and Consular Rights, U.S.-Iran, art. III.1, Aug. 15, 1955, 8 U.S.T. 899. *See Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 252 (1984) ("'A treaty will not be deemed to have been abrogated or modified by a later statute unless such purpose on the part of Congress has been clearly expressed.'").

[2] The petition, brief in opposition, reply, *amicus* brief of the United States, and supplemental brief of petitioner are all available online: http://www.scotusblog.com/case-files/cases/bank-melli-iran-ny-rep-office-v-weinstein/. Undersigned counsel represents petitioner in that case.

[3] *See* David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 276 (2009).

08 (S.D.N.Y. 1997); *see also Allied Mar., Inc. v. Descatrade SA*, 620 F.3d 70, 74 (2d Cir. 2010).

      We recognize the judgment creditors' desire to move promptly. But the FSIA requires this Court to assure itself that the assets are not immune. 28 U.S.C. § 1609; *see Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 799 (7th Cir. 2011) ("The immunity [under § 1609] inheres in the property itself, and the court must address it regardless of whether the foreign state appears and asserts it."), *petition for cert. filed*, 80 U.S.L.W. 3240 (U.S. Oct 6, 2011) (No. 11-431). In our view, that duty would be most appropriately discharged by allowing San Francisco counsel to obtain the necessary OFAC licenses so that full briefing may proceed in an orderly fashion. On June 4, 2012, San Francisco counsel filed license applications and sought expedited treatment from OFAC. Once the licenses are granted, we see no reason why the parties should not be able to agree on a reasonably expedited briefing schedule to ensure prompt resolution of these issues. A short delay of six to eight weeks to allow that to occur is hardly unreasonable, especially in light of the significant sovereign and monetary interests at stake.

      Sincerely yours,

      Jeffrey A. Lamken

cc:   Jane Carol Norman
      Bruce H. Jackson
      Irene V. Gutierrez
      Curtis C. Mechling
      Benjamin Weathers-Lowin
      Judy Peacock-Goodwin
      James Lawrence Bernard