IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENNETT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRANKLIN RESOURCES, INC., et al.,<br><br>Defendants. | Case No. 11-cv-05807-CRB<br><br>**ORDER VACATING HEARING, AND GRANTING RENEWED MOTION FOR DISCHARGE AND FOR AWARD OF ATTORNEYS' FEES (28 U.S.C. § 2361)** |

Third-Party Plaintiffs Visa Inc. ("Visa") and Franklin Resources, Inc. ("Franklin") (collectively the "Third-Party Plaintiffs") have moved again for discharge and attorneys' fees. See Mot. (dkt. 175). The Court, having carefully reviewed the parties' papers, finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), VACATES the hearing on this motion currently set for December 14, 2018,[1] and GRANTS the motion as to both discharge and fees.

## BACKGROUND

This matter came before the Court on the Complaint of Plaintiffs Michael Bennett and Linda Bennett, individually and as co-administrators of the Estate of Marla Ann Bennett (the "Bennett Judgment Creditors"), dated December 2, 2011 (the "Complaint") (dkt. 1), seeking turnover of certain assets, including securities interests, held in this District by Visa and Franklin for the benefit of the Islamic Republic of Iran ("Iran").

The Bennett Judgment Creditors sought to execute on a judgment against Iran, based upon the allegation that Iran had provided material support and resources for

---

[1] The hearings on the Motion for Summary Judgment (dkt. 172) and Motion to Stay (dkt. 180) in this case shall remain on calendar for December 14, 2018.

terrorist activities. Similarly, the Greenbaum, Acosta, and Heiser Judgment Creditors had all obtained judgments against Iran based upon allegations that Iran had provided material support and resources for terrorist activities; they likewise sought to execute against assets held in this jurisdiction by Visa and Franklin. These claims are collectively referred to herein as the "Judgment Creditor Claims."

On February 3, 2012, Visa and Franklin filed a Third-Party Complaint in the nature of an interpleader against, inter alia, Bank Melli, the Greenbaum and Acosta Judgment Creditors, the Heiser Judgment Creditors, and the United States of America (the "Third-Party Complaint") (dkt. 16). Visa and Franklin disclaimed any interest in certain specifically identified assets (the "Blocked Assets"), allegedly blocked by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"). Id. ¶¶ 4, 16. According to the Third-Party Complaint, the Blocked Assets were due and owing by contract to Bank Melli pursuant to a commercial relationship between Visa and that bank, and consisted of securities issued by Institutional Fiduciary Trust, an SEC-registered, Delaware statutory trust, distributed by a subsidiary of Franklin, and registered under the Money Market Portfolio series of the trust to Visa International Service Association, a wholly owned subsidiary of Visa. Id. ¶¶ 16–18. The Third-Party Complaint sought a determination from the Court as to which parties, if any, "has priority with respect to those assets to satisfy their judgments or their claims." Id. ¶ 4.

On May 3, 2012, the Court issued an order granting Visa and Franklin's request to deposit the Blocked Assets in the Court Registry pursuant to 28 U.S.C. § 1335. See Order re Deposit (dkt. 88). Visa and Franklin deposited the assets, amounting to $17,648,962.76, into the Court Registry on May 9, 2012. See Notice (dkt. 89).

On August 24, 2012, Visa and Franklin filed their first Motion for Discharge and for Attorneys' Fees (dkt. 116), which Bank Melli opposed (dkt. 119). At that time, although its fees totaled $160,852.54, Visa and Franklin sought $100,000 in fees. See 1st Mot. for Discharge at 7–8.

The Court temporarily discharged Visa and Franklin on November 19, 2012, see Motion Hearing (dkt. 122), pending resolution of the issues raised in Bank Melli's motion to dismiss. The Court held off on awarding fees at that time. On February 28, 2013, in a lengthy order, the Court denied Bank Melli's motion to dismiss, but granted it a right to interlocutory appeal under 28 U.S.C. § 1292(b). See Order on MTD (dkt. 128). Bank Melli appealed, and moved for rehearing, and in an amended opinion on June 14, 2016, the Ninth Circuit Court of Appeals affirmed this Court's ruling. See Order and Amended Opinion (dkt. 145). The Ninth Circuit granted Visa and Franklin's motion to transfer consideration of attorneys' fees on appeal to this Court. See Order of USCA re Fees (dkt. 147). The Circuit also stayed the mandate pending the filing of a petition for a writ of certiorari. See Order of USCA re Stay (dkt. 146). Bank Melli petitioned for certiorari to the United States Supreme Court, which denied the petition on March 5, 2018. See Order of Supreme Court (dkt. 150); Order Denying Writ of Certiorari (dkt. 155). By mandate issued on March 8, 2018, the case was returned to this Court. See Mandate (dkt. 156-1).

At a case management conference on May 4, 2018, the Court reiterated that Visa and Franklin are entitled to a discharge, and asked them to meet and confer with the parties on a form of discharge order and fees. See Minute Entry (dkt. 162). Visa has obtained the approval of the Claimants on a proposed discharge order and on the amount of fees sought. See Mot. at 6; Miller Decl. (dkt. 175-1) ¶¶ 5-7. Visa and Franklin filed this renewed motion for discharge and for award of attorneys' fees in September of this year, along with a supporting declaration. See Mot.; Miller Decl. Bank Melli opposes discharge, and argues that the Court should deny or drastically reduce the fee request. See Opp'n (dkt. 181). Visa and Franklin have filed a reply brief and a supplemental supporting declaration. See Reply (dkt. 186); Miller Reply Decl. (dkt. 186-1). Upon the Court's request, see Order Directing Filing (dkt. 182), Visa and Franklin submitted an additional declaration supporting their hourly rates, see Supp. Miller Decl. (dkt. 188).

//

//

**DISCUSSION**

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 et seq. ("FISA"). This Court also has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1335 because this proceeding involves money or property of a value of $500 or more as to which there are two or more adverse claimants of diverse citizenship. The Court now turns to the issues of (A) discharge and (B) fees.

**A.    Discharge**

The Court has already determined that interpleader relief is appropriate in this action and that Visa and Franklin have demonstrated their entitlement to discharge and other relief. See Motion Hearing; Minute Entry. The Court now reiterates that determination. As described above, Visa and Franklin brought this third-party proceeding seeking interpleader relief, pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure and other applicable provisions of law, and they brought before the Court all known claimants to the Blocked Assets so that such parties could assert their claims to the Blocked Assets. The requirements for a valid interpleader are met, and Visa and Franklin are entitled to an order pursuant to 28 U.S.C. § 2361 discharging them from any and all liability with respect to any and all claims made by any person or entity <u>with regard to the Blocked Assets</u>. The Court emphasizes these last six words in order to clarify that, despite Bank Melli's concern that this order would "extinguish[] claims that Bank Melli may have against Visa and enjoin[] Bank Melli from pursuing those claims in future proceedings," see Opp'n at 5, the order's scope is limited to claims regarding the disputed funds.

Accordingly, Visa and Franklin, and all of their parents, subsidiaries and affiliated entities, including without limitation, Institutional Fiduciary Trust and Visa International Service Association, shall be DISCHARGED from all liability and obligation of any nature to the Bennett Judgment Creditors, the Greenbaum and Acosta Judgment Creditors,

4

1 the Heiser Judgment Creditors, Bank Melli, and any other person or entity with respect to
2 any claims against the Blocked Assets.
3 　　　The Bennett Judgment Creditors, the Greenbaum and Acosta Judgment Creditors,
4 the Heiser Judgment Creditors, Bank Melli, and any other persons or entities are hereby
5 permanently RESTRAINED and ENJOINED from instituting or pursuing any legal actions
6 or proceedings against Visa or Franklin and all of their parents, subsidiaries, and affiliated
7 entities, including without limitation, Institutional Fiduciary Trust and Visa International
8 Service Association, for any claims against the Blocked Assets.

### B.　　Fees and Costs

Visa and Franklin also seek an award of $324,130.60, which represents 62.5% of their actual fees and costs incurred and paid through April 2012 ($100,000 of the $160,852.54 incurred through that date) and 50% of their subsequent legal fees and costs ($224,130.60 of the $448,261.20 incurred from May 2012 to September 2018). See Mot. at 3. Importantly: all Claimants have agreed to that compromise. See Miller Decl. ¶¶ 7, 8. Only Bank Melli objects. See Opp'n at 7–12.

It is well-established that a disinterested stakeholder bringing an interpleader action has the right to recover its attorneys' fees and costs. See, e.g., Fed. R. Civ. Proc. 22; 28 U.S.C. §§ 1335, 2361; Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984); Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 193–94 (9th Cir. 1962); W. Conf. of Teamsters Pension Plan v. Jennings, No. C-10-03629 EDL, 2011 U.S. Dist. LEXIS 71266, at *17–18 (N.D. Cal. June 6, 2011); Septembertide Publ'g, B.V. v. Stein & Day Publ'g, Inc., 884 F.2d 675, 683 (2d Cir. 1989). The rationale behind awarding attorneys' fees in this context is that "the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making." W. Conf. of Teamsters Pension Plan, 2011 U.S. Dist. LEXIS 71266, at *17 (quoting 3A J. Moore & J. Lucas, Moore's Federal Practice at 22-171, 22-173 (2d ed. 1982)). "Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a

United States District Court
Northern District of California

proceeding which will expeditiously resolve their claim and by safeguarding the disputed fund by deposit in court. . . ." Id. Courts have specifically recognized the right to fees in cases involving blocked assets. See, e.g., Hausler v. JP Morgan Chase Bank, N.A., 740 F. Supp. 2d 525, 542 (S.D.N.Y. 2010) ("with respect to their efforts to secure interpleader, Respondents will be entitled to submit an application for reasonable attorneys' fees and costs.").

Bank Melli argues, however, that Visa and Franklin are not disinterested stakeholders, that Visa and Franklin have not justified their high hourly rates, and that the fee request is wildly excessive. See Opp'n at 7–12. The Court finds each of these arguments unpersuasive.

First, Visa and Franklin are disinterested stakeholders. A disinterested stakeholder has no interest in the disposition of the fund, in that it "effectively disclaims any position as to which of the claimants is entitled to the fund." See Trustees of Directors Guild of America v. Tise, 234 F.3d 415, 426 (9th Cir. 2000). Visa and Franklin do not claim an ownership interest in the Blocked Assets and have taken no position as to how the funds should be apportioned among the various claimants. See Third Party Compl. ¶ 4. Bank Melli's contention that Visa is the true owner of the funds is foreclosed by the Ninth Circuit's ruling, see Order and Amended Opinion at 27 ("immediate and outright ownership of assets is not required"), and by a common sense reading of the Annual Reports of Blocked Property that Visa filed, which list Visa as the "Owner" but specify that the "Account holds Bank Melli funds," and/or lists the same account number in the description, see Bailey Decl. (dkt. 172-12) ¶¶ 14(d)-(e), Ex. 6 at 4; Ex. 7 at 4. The Court thus rejects Bank Melli's assertion that "Visa and Franklin are defending their own assets . . . in this proceeding." See Opp'n at 12.

Second, Visa and Franklin submitted to the Court the Adjusted Laffey Matrix, Miller Reply Decl. Ex. A, a declaration submitted by Steven F. Molo, counsel for Bank Melli, in a separate case, in which MoloLamken LLP sought partner rates ranging from $825 to $1,250 per hour, Miller Reply Decl. Ex. B, as well as a supplemental declaration

detailing the education and experience of the lawyers and paralegal staffed on this case, Supp. Miller Decl. and Exs. 1–5. These materials amply demonstrate that Visa and Franklin's counsel in this case, Baker McKenzie, charged reasonable market rates.[2]

Finally, Bank Melli's argument that Visa and Franklin's fee request "far exceeds the awards normally granted in interpleader actions," Opp'n at 7, is a non-starter. No doubt, "attorneys' fee awards to the 'disinterested' interpleader plaintiff are typically modest." Id. (quoting Trustees of Directors Guild of America, 234 F.3d at 427). No doubt, fee awards in typical cases rarely reach beyond the low-five digits. See id. at 7 (collecting cases). But this nearly seven year old case has not been typical. Bank Melli has fought it at every turn, raising complex questions of jurisdiction, sovereign immunity, and foreign sanctions in this Court, the Ninth Circuit, and the Supreme Court. That is of course its right. But it is also Visa and Franklin's right to participate in the case and to respond to Bank Melli's briefs "in a dispute which is not of [Visa and Franklin's] making."[3] See W. Conf. of Teamsters Pension Plan, 2011 U.S. Dist. LEXIS 71266, at *17. Visa and Franklin's fees were incurred in "filing the action and pursuing . . . release from liability, not in litigating the merits of the adverse claimants' positions." See Trustees of Directors Guild of America, 234 F.3d at 426. Visa and Franklin are also entitled to fees incurred in connection with their motion for fees, see Great Am. Ins. Co. v. Jackson, No. 3:16-cv-02016-BR, 2018 U.S. Dist. LEXIS 14718, at *5–6, *8 (D. Or. Jan. 30, 2018), and fees incurred in connection with discovery matters. Even including these sums, the total amount sought, $324,130.60, is just over 1.8 percent of the $17,648,962.76 interpleaded with the Court.

Because Bank Melli's arguments do not persuade the Court that the agreement reached by Visa and Franklin and the Claimants is either unreasonable or unwarranted

---

[2] The Court also notes that nearly 50% of Baker McKenzie's time was incurred by a paralegal, and that client discounts reduced the partner rate billed and sought by almost $100 per hour. See Miller Decl. Ex. 5, Category AA; Miller Decl. ¶ 8.

[3] The Court further observes that Visa and Franklin's continued presence in the case was also not of their own making, as they sought discharge and a much smaller fee award in August of 2012. See 1st Mot. for Discharge.

7

under the law, the Court GRANTS an award of $324,130.60, to be paid from the interpleaded funds.  The Clerk of the Court is hereby ORDERED to disburse this amount to Baker McKenzie, counsel for Visa and Franklin, for the benefit of Visa and Franklin, from the funds deposited in the Registry of the Court.

**IT IS SO ORDERED.**

Dated:  November 30, 2018



CHARLES R. BREYER
United States District Judge